IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY LEONARD, JR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00328-C (BT) |
| | § | |
| PARKLAND HOSPITAL X-RAYS | § | |
| STAFF MEMBER, ET AL., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Guy Leonard, Jr., a Dallas County Jail inmate, filed this *pro se* action under 42 U.S.C. § 1983. *See* Comp. (ECF No. 3). The Court granted Leonard leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. Ord. (ECF No. 6). For the following reasons, the Court should dismiss the complaint for failure to state a claim upon which relief may be granted.

I.

Leonard filed this complaint against an unidentified "X-Rays tech" staff member at Parkland Hospital and Mr. Williams, a Dallas County Correctional Officer. Leonard appears to claim that the X-Ray tech deliberately caused him to fall to the floor by not asking for assistance from another Parkland Hospital staff member when transferring Leonard from one wheelchair to another. Comp. at 4. Leonard contends that there was no

1

need to transfer him from his personal wheelchair (provided by the Dallas County Jail) to another wheelchair, but to the extent there was a need, the X-Ray tech should have asked his co-workers for assistance. Resp. to M.J. Quest. at 2 (ECF No. 7). Leonard asserts that the X-Ray tech's conduct was "very unprofession[al]" and contrary to Parkland Hospital's safety policy. *Id.* As for Mr. Williams, Leonard claims that he was also responsible for the fall but does not explain how. Leonard asserts in conclusory fashion that Mr. Williams and the X-Ray tech deliberately and intentionally caused him fall on the floor. Comp. at 3.

II.

Leonard's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

The Court construes Leonard's complaint liberally, as it must given his *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94. So construed, Leonard appears to allege that Defendants violated his civil rights by providing inadequate medical care and causing him fall to the floor when he was transferred from one wheelchair to another.

Initially, it is unclear whether the Parkland Hospital X-Ray tech is a state actor for purposes of § 1983. To state a § 1983 claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The "under color of state law" element of a § 1983 claim

requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributed to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

Leonard does not specifically allege a contract between the Dallas County Jail and Parkland Hospital for the provision of medical services. But liberally construing Leonard's Complaint, the Court concludes that such a relationship may be inferred for purposes of screening. *See generally Loosier v. Unknown Medical Doctor*, 435 F. App'x. 302, 307-08 (5th Cir. 2010) (recognizing that private medical provider acting pursuant to contract with state to provide medical care to prisoners may be a state actor).

Turning to the merits, Leonard's inadequate medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Leonard must show that Defendants acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 106. This requires proof that Defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Leonard's allegations here fail to state a plausible claim that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." While Leonard alleges in conclusory fashion that the Defendants purposely let him fall to the floor, this Court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

Instead, Leonard's factual allegations establish mere negligence or a disagreement with his medical treatment—neither of which is indicative of deliberate indifference. *See Alverez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.") (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009)); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent extraordinary circumstances.") (citations omitted).

The crux of Leonard's complaint is that the X-Ray tech should have sought assistance from another Parkland staff member before transferring him to another wheelchair. He claims the X-Ray tech's conduct was

unprofessional and contrary to Parkland Hospital's safety policy. Whether such conduct amounts to negligence or a disagreement with treatment, it fails to rise to the level of deliberate indifference. *See Gobert*, 463 F.3d at 346. Thus, because Leonard fails to present non-conclusory allegations from which the Court could infer deliberate indifference, his complaint, which contains only the inadequate medical care claim, should be dismissed.

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not required when the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the Court sent Leonard a Magistrate Judge's Questionnaire seeking all facts regarding his claims. Leonard has therefore already pleaded his best case, and the complaint should be dismissed.

IV.

The Court recommends that the complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**SO RECOMMENDED**

December 31, 2020**.**

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).